UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HILDA L. SOLIS, Secretary of Labor,      )
United States Department of Labor,       )
                                         )
        Plaintiff,                       )
                                         )        CAUSE NO. 3:12-CV-415 JD
        v.                               )
                                         )
JOSEPH A. SEHER, *et al.*,               )
                                         )
        Defendants.                      )

## OPINION & ORDER

On August 2, 2012, the Secretary of the United States Department of Labor ("USDOL") filed

suit against Joseph Seher, Pat Mowery, and Cheryl Sloan, alleging violations of the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. [DE 1]. Count I of the

Complaint accused Seher, the former Chief Executive Officer and part-owner of Accucast

Technology, Inc. ("Accucast"), of violating six different subsections of ERISA in the performance

of his fiduciary duties with respect to the Accucast 401(k) Plan ("Retirement Plan"). [DE 1 ¶ 21A-

E]. It accused Mowery and Sloan, less senior employees, of related violations. [DE 1 ¶¶ 22-24].

Count II, on the other hand, accused Seher alone of violating four different subsections of ERISA

in the performance of his fiduciary duties with respect to the Accucast Health Plan ("Health Plan").

[DE 1 ¶ 21A-D]. The Retirement Plan and Health Plan were both joined as defendants pursuant to

Fed. R. Civ. P. 19(a), as is customary in these cases, but the USDOL seeks no relief from them.

The day after the Complaint was filed, USDOL, Mowery, and Sloan asked the Court to

approve a consent judgment. [DE 2]. The consent judgment, which held Mowery and Sloan liable

for an amount somewhat less than the loss alleged in Count I of the Complaint, was entered by the

1

Court on October 1, 2012. [DE 5]. That left Counts I and II pending against Seher alone, but Seher never appeared or filed an answer in this case. On October 23, 2012, the clerked entered a default against him [DE 7], and USDOL moved for a default judgment on the same day. [DE 8; DE 9]. The Court has considered the motion, and cannot grant it without more information because the amount of damages sought is unclear. Rather than deny the motion with leave to re-file, however, the court will give USDOL the opportunity to file a short supplement as indicated herein. Upon receipt of that supplemental filing, the Court will grant the motion.

**DISCUSSION**

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under FRCP 55(b)(2), there must be an entry of default as provided by FRCP 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under FRCP 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). The clerk has done so here. [DE 7].

As a result, the Court may now consider a default judgment under FRCP 55(b)(2). But it must exercise its discretion in doing so. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). The Court's discretion is guided by a series of threshold considerations intended to assess the propriety of a default judgment. First, a default judgment is only justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as evidenced by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641,

646 (7th Cir. 2003). Additional factors to consider include: (1) the amount of money potentially involved; (2) whether material issues of fact or issues of substantial public importance are present; (3) whether the default is largely technical (largely redundant to the *Davis v. Hutchens* inquiry); (4) whether the plaintiff has been substantially prejudiced by the delay involved; and (5) whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller, M. Kane & R. Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2685 (3d ed.); *see also Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In the case at hand, Seher has "exhibited a willful refusal to litigate the case properly," based upon his "continuing disregard" and failure to "exercise even a minimal level of diligence." *Id*. Seher executed a waiver of service on August 24, 2012, and USDOL returned it to the Court on September 4, 2012. [DE 4]. That means Seher signed his name to a document displaying an explicit warning that a default judgment may be entered against him if he failed to appear or defend within the time allotted by rule. His failure to do that – for what has now been over five months – is plainly an informed and wilful one; not even the clerk's entry of default [DE 7] has prompted any action. Thus, the default is not based on a simple technicality. Moreover, the amount of money involved is relatively small for a federal court case, and the issues as presented are routine ERISA violations. There is no reason why the Court should not proceed to considering a default judgment in favor of USDOL. The Court must decide two issues with respect to the entry of a default judgment: (1) whether the well-pleaded allegations in the Complaint, when taken as true, establish liability; and (2) whether and in what amount the relief requested can be awarded.

A.      *Liability*

In considering a motion for default judgment, our circuit follows the rule that "the

well-pleaded allegations of the complaint relating to liability are taken as true[.]" *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246 (7th Cir. 1990) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Of course, pleadings that are "no more than conclusions" are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). This includes legal conclusions couched as factual allegations, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010), as well as "threadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]" *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But those which are well-pleaded will be accepted. Beyond that, the court may investigate any matter necessary, including establishing the truth of any allegation by evidence, in order to aid its decision. Fed. R. Civ. P. 55(b)(2). Default judgment is only appropriate if the well-pleaded allegations, along with any evidence submitted to the court, are sufficient to establish a legal claim.[1]

---

[1] *See Thomson v. Wooster*, 114 U.S. 104, 113 (1884) (A default judgment "is not a decree as of course according to the prayer of the bill, nor merely such as the complainant chooses to take it; but that it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill, assumed to be true."); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) ("The entry of a default order does not, however, preclude a party from challenging the sufficiency of the complaint."); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."); *Wagstaff-El v. Carlton Press Co.*, 913 F.2d 56, 57-58 (2nd Cir. 1990) (default judgment properly vacated and summary judgment entered for defendants where plaintiff's action had no valid basis); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), cert. denied, 493 U.S. 858 (1989) (defaulted party may contest legal sufficiency of allegations in complaint); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981) (Following default, court "need not agree that the alleged facts constitute a valid cause of action."); *Nishimatsu Construction Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."); *Days Inn Wowrldwide, Inc. v. Mayu & Roshan, LLC*, 2007 WL 1674485 (D.N.J. June 8, 2007) ("Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well pleaded facts sufficient to establish a claim."); *Kleartex, Inc. v. Kleartex SDN BHD*, 1994 WL 733688 (S.D.N.Y. May 11, 1994); *Terio v. Great Western Bank*, 166 B.R. 213 (S.D.N.Y. 1994) ("The conclusion that the complaint is subject to dismissal strongly militates against granting Plaintiff's application for a default judgment."); *Weft, Inc. v. G.C. Inv. Associates*, 630 F.Supp. 1138, 1141 (E.D.N.C. 1986) (After default entry, court still bound to "consider whether plaintiff's allegations are sufficient to state a claim for relief.")

The allegations in USDOL's Complaint with respect to liability are sufficient. USDOL has alleged that Seher was not only CEO and part-owner of Accucast, but that he was a named trustee, a fiduciary, and a party in interest to the Retirement Plan, as those terms are statutorily defined. [DE 1 ¶ 8]. *See* 29 U.S.C. §§ 1002(21)(A), (14)(A), 14(E) and 14(H). Next, USDOL adequately alleged conduct which, if it occurred, would amount to an ERISA violation with respect to Seher's performance of his duties to the Retirement Plan. [DE ¶¶ 14-18]. Similarly, USDOL adequately alleged Seher's relation to the Health Plan [DE 1 ¶ 12] and conduct that violates ERISA with respect thereto. [DE 1 ¶¶ 25-29]. Each allegation is presented in away that is fact-specific to this case, rather than simply tracking the general language of the statute. On default judgment, that is enough to establish liability.

## B.      *Relief*

The next question before the court is the amount, and type, of relief to be awarded. Generally speaking, while the well-pleaded allegations of the Complaint with respect to liability are taken as true, the amount of damages or redress must still be proved. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Nonetheless, Federal Rule of Civil Procedure 55(b)(1) provides that when "the plaintiff's claim is for a sum certain[,]" the clerk, upon the plaintiff's request, "*must* enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." (emphasis added). At first glance, that would seem to make this a simple affair. The Complaint alleges that Seher failed to remit $7,425.64 with respect to Count I, and $2,546.00 with respect to Count II. Since Seher is liable for both counts, that would support

ordering him to return those sums certain to the F4P and FHP, respectively.[2]

In its brief and supporting affidavit, however, USDOL only requests and supports the latter figure, $2,546.00. [DE 8-1; DE 9]. Michael Baron, the investigator who handled the case, explains that he was assigned to investigate the Health Plan and shows how he calculated the amounts which should have been remitted thereto and were not. [DE 8-1]. That covers Count II. But he says nothing at all about the Retirement Plan, or about anything related to Count I. The Court could interpret this to mean that USDOL has chosen to rely on the amount certain stated in the Complaint with respect to Count I, but, given the history of this litigation, that might be assuming too much. In particular, the Court is cognizant that a consent judgment was already entered which accounts for most of the money missing from the Retirement Plan; it may be that USDOL considers that debt paid and does not wish to impose a redundant judgment on Seher. On the present record, the Court cannot say. As a result, before a default judgment can be entered, USDOL needs to supplement its motion with a more complete statement of the amount of money Seher must restore to each plan, with respect to each count of the Complaint.

Finally, the Court has one more concerns about the relief requested. Among other things, USDOL has asked the Court to permanently enjoin Seher "from violating the provisions of Title I of ERISA." [DE 1 at 8; DE 8 at 2]. ERISA does empower the Secretary to seek injunctive relief, *see* 29 U.S.C. § 1109(a), but the Seventh Circuit generally does not favor injunctions with such a broad scope. "Injunctions that 'merely instruct the enjoined party not to violate a statute' generally are

---

[2] Seher would be jointly and severally liable, along with Mowery and Sloan, for the amount due pursuant to Count I. *Leister v. Dovetail, Inc.*, 546 F.3d 875, 878 (7th Cir. 2008) ("co-fiduciary liability is joint and several under ERISA") (citing 29 U.S.C. § 1105(a); *La Scala v. Scrufari*, 479 F.3d 213, 220 (2d Cir. 2007); *In re Masters Mates & Pilots Pension Plan*, 957 F.2d 1020, 1023 (2d Cir. 1992); *Donovan v. Robbins*, 752 F.2d 1170 (7th Cir. 1985) (concurring opinion); *cf. Mertens v. Hewitt Associates*, 508 U.S. 248, 262-63 (1993)). But he alone would be responsible for the monetary damages on Count II.

overbroad, increasing 'the likelihood of unwarranted contempt proceedings for acts unlike or unrelated to those originally judged unlawful.'" *Lineback v. Spurlino Materials, LLC*, 546 F.3d 491, 504 (7th Cir. 2008) (quoting *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1315 (Fed. Cir. 2004)). Or, to use the Supreme Court's words:

> [T]he mere fact that a court has found that a defendant has committed an act in violation of a statute does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt proceedings if he shall at any time in the future commit some new violation unlike and unrelated to that with which he was originally charged.

*NLRB v. Express Pub. Co.*, 312 U.S. 426, 435 (1941). In this Court's opinion, aside from subjecting the defendant to the possibility of contempt proceedings, it is difficult to see what additional value such a broad injunction would offer to USDOL. Violating Title I of ERISA is, by definition, already illegal. Whether or not an injunction is in place, Seher will be subject to legal action if he violates it again. USDOL should explain the legal basis and the need for this form of relief in its supplemental filing, or indicate that it no longer wishes to request it.

## CONCLUSION

In conclusion, a default judgment is warranted in this case, and the allegations of the Complaint are sufficient to establish Seher's liability. But the Court cannot complete the process and issue a judgment for the requested relief without more information. Accordingly, USDOL is **ORDERED** to submit a supplement to its motion by the close of business on **February 13, 2013,** and it is welcome to do so sooner. That filing should address the Court's concerns by: **(1)** clearly and specifically stating the amount of money which Seher should restore to the participants in each plan, as a result of the judgment on Count I as well as Count II; and **(2)** stating whether USDOL still seeks a broad injunction against further ERISA violations and, if so, the legal basis for the request.

7

The Court will resolve this case quickly after the supplement is filed.

       SO ORDERED.

       ENTERED:  <u>January 31, 2013</u>


                        <u>     /s/ JON E. DEGUILIO     </u>
                        Judge
                        United States District Court